UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ruth Esch, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Sun Life Assurance Company of Canada, | |
| Defendant. | |

---

Comes now the Plaintiff, and for her cause of action against the Defendant, states and alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred under 29 U.S.C. §1132 (e) as Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §1001 et seq.

## PARTIES

2. Plaintiff is a Minnesota resident.

3. Defendant, Sun Life Assurance Company of Canada, is an insurance company that is licensed to do business in the State of Minnesota.

## FACTS

4. At all times material herein the Plaintiff was employed by Ace Communications.

5. Ace Communications maintained an employee benefit plan and Plaintiff was a participant in that plan for long-term disability.

6. Ace Communications's long-term disability plan underwrote and funded its liabilities under the long-term disability (LTD) plan with a policy of insurance underwritten and provided by Sun Life Assurance Company of Canada.

7. Defendant Sun Life Assurance Company of Canada ("Sun Life") is a fiduciary under the Plan.

8. That as a result of various physical disabilities the Plaintiff qualified for disability benefits under the LTD Plan and Sun Life's policy and continues to be disabled.

9. Plaintiff properly made claims for benefits under the Defendant's policy, but Defendant denied her LTD claim for further benefits on September 12, 2013 following an administrative appeal on June 17, 2013.

10. The decision to deny the LTD benefits is in violation of the Plan, a violation of ERISA, and a violation of the fiduciary duties owed by the Defendant to the Plaintiff.

11. That as a direct and proximate result of the Defendant's actions, Plaintiff has sustained damages based on benefits due under the Plan.

12. That as a direct and proximate result of Defendant's actions, Plaintiff has been forced to incur costs and attorney's fees and, under the terms of ERISA, is entitled to be reimbursed by the Defendant for said fees and costs.

WHEREFORE, Plaintiff requests judgment against the Defendant granting her the following relief:

1. Ordering Defendant to pay Plaintiff all benefits due under the LTD Plan.

2. Awarding Plaintiff prejudgment interest on the amount of benefits due.

3. Awarding Plaintiff costs and attorney's fees incurred in bringing this proceeding.

4. Granting Plaintiff such other and further relief as the Court may deem just and equitable.

Dated:  September 19, 2013                               **NOLAN, THOMPSON & LEIGHTON**


                By    */s/ Robert J. Leighton*
                       Robert J. Leighton (#220735)
                       Attorneys for Plaintiff
                       5001 American Boulevard W.
                       595 Southgate Office Plaza
                       Bloomington, MN 55437
                       Phone:  (952) 405-7171
                       Fax:     (952) 224-0647
                       Email:  rleighton@nmtlaw.com


## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties pursuant to Minn. Stat. §549.211, subd. 2, if this pleading is filed in bad faith.


                                                     */s/ Robert J. Leighton*
                                                       Robert J. Leighton